**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Dennis Molnar, | ) | Case No. 19 BK 09525 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |

**Amended Opinion on Rule to Show Cause (Dkt. 66)**

On April 2, 2019, Dennis Molnar (the "Debtor") filed a petition seeking relief under Chapter 13 of the Bankruptcy Code. The petition was filed by Attorney Louis Raymond K. Gomes of the Semrad Law Firm. Docket No. 1, p. 7.

On May 13, 2019, Attorney Elizabeth Placek of the Semrad Law Firm filed an Attorney's Application for Chapter 13 Compensation Under the Court-Approved Retention Agreement.

On May 29, 2019, Attorney Steve Miljus filed an Amended Chapter 13 Plan, and Request for Assumption of Executory Contracts and Unexpired Leases on the Debtor's behalf. Proofs of Service were also filed by Attorney Steve Miljus. Docket Nos. 19, 20, 21 and 22. Attorney Patrick Semrad substituted for Attorney Steve Miljus who formally withdrew from representing the Debtor on May 8, 2023. Order, Docket No. 61.

**I. Court Approved Retention Agreements**

The bankruptcy courts in our country have approved a flat fee, no look program for chapter 13 debtors' attorneys. Generally, a debtor in a chapter 13 case and the attorney who represents him or her enter into a Court Approved Retention Agreement in which the attorney promises to represent the debtor in the matter through case closing for a flat fee. *See* Local Bankruptcy Rule 5082-2. In this case, that agreement provides for a $4,000 flat fee. Docket No. 16, pp. 10-17.

The Debtor's Chapter 13 plan was confirmed on June 3, 2019. Docket No. 23. An Order was entered on that date granting an application for attorney compensation which states that the compensation approved was $4,000 for legal services through conclusion of the case. After considering the amount awarded for reimbursable expenses and a payment received to date, the court awarded the Semrad Law Firm, LLC $3,968.47. Docket No. 24.

Under the "no look" flat fee programs bankruptcy courts have adopted "attorneys for chapter 13 debtors can be awarded a presumptively reasonable standard fee for each case." *In re Brent*, 458 B.R. 444, 450 (Bankr. N.D. Ill. 2011) (citation omitted). "These flat fees are sometimes called 'no look' fees because they are awarded without the kind of detailed application and itemization of services that Rule 2016(a) would otherwise demand." *Id.* (citation omitted). The flat fee represents a kind of agreement not only with the debtor but with the court: in exchange for the attorney's commitment to perform specified legal services for the debtor, the court awards a flat fee and dispenses with the usual application. *Id.*; *see also In re Carr*, 584 B.R. 268, 276-78 (Bankr. N.D. Ill. 2018).

On November 27, 2023, the court heard Attorney Patrick Tang's motion to substitute to file an appearance on the Debtor's behalf. The court was told that the attorney(s) of record were not returning the Debtor's phone calls, causing him to secure other counsel. On December 4, 2023, the court entered an order setting a hearing on a Rule to Show Cause addressed to the Semrad Law Firm and to Attorneys Louis Raymond K. Gomes, Patrick Semrad and Elizabeth Placek to show cause whey they should not be held to have violated the flat fee agreement by not responding to the Debtor's concerns. Docket No. 66.

### A. Local Rule 2090-5(A)(3)

Local Bankruptcy Rule 2090-5(A)(3) states "[o]nly individual attorneys may file appearances. Appearances by firms are not allowed."

### II. Illinois Rules of Professional Conduct

Illinois Rule of Professional Conduct Rule 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Rule 1.4 states that "[a] lawyer shall: . . . (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished." The failure to respond to the Debtor's phone call(s) shows that reasonable diligence and promptness were not extended to him. The Debtor was not consulted about his need for advice regarding the probate matter.

A violation of Illinois fiduciary law may render the compensation sought or received excessive, and therefore unreasonable. *In re Carr*, 584 B.R. at 278. Breaches of fiduciary duty "'can diminish the value of services to a client . . . .'" *Id.* (citations omitted). "Even where a presumptively reasonable no-look fee is sought, a 'reasoned objection' from a party in interest shifts the burden of proof back onto the claimant, who must establish the reasonableness of the fees sought under section 330." *Id.* at 279 (citation omitted). Attorney Patrick Semrad has not shown that the Debtor was treated reasonably when he did not receive help when he reached out seeking it. *See In re Husain*, 533 B.R. 658, 697 (Bankr. N.D. Ill. 2015), *aff'd*, 866 F.3d 832 (7th Cir. 2017) ("Mr. Husain has committed misconduct in violation of Rule 8.4(c). He has filed many documents that have not been executed by the persons whose signatures appear thereon. This amounts to dishonesty and deceit in violation of Rule 8.4(c).") (citing ABA Model Rule 8.4(c): Misconduct).

At the January 10, 2024 hearing on the Rule to Show Cause, the Debtor testified that he had

a mortgage problem with real estate involved in a probate case. He sought help from Attorney Steve Miljus who informed him that he no longer worked at the Semrad Law Firm. The Debtor left messages at the firm; the phone calls were not returned. The Debtor then sought to have Attorney Patrick Tang represent him.

Attorney Patrick Semrad testified that the Debtor called the firm but did not explain why he did not receive the services expected since the flat fee (which was paid in full) required that the Debtor be represented until the case closed. Patrick Semrad argued in his closing remarks that the Debtor just wanted to change attorneys. That argument is totally unbelievable. The Debtor had to be in distress to go out and hire an attorney when he was entitled to continuing legal services under the no look program.

### III. Section 329 of the Bankruptcy Code

Section 329 covers debtors' transactions with attorneys. *See* 11 U.S.C. § 329. It requires attorneys to file with the court a statement of compensation paid to them in connection with bankruptcy cases. In addition, if such compensation exceeds the reasonable value of services provided to a debtor, the court may cancel the agreement between the debtor and the attorney or order the return of any such payment found to be excessive. The excessive payment may be returned to the bankruptcy estate or to the entity that made the payment; in this case the entity that paid the excessive fee is the Debtor. "Section 329(b) authorizes the court to assess the reasonable value of the services provided to the debtor and to compare that value with the amount the debtor paid or agreed to pay for the attorney's services." *Willoughby v. Peterson,* 2016 WL 890755, at *3 (N.D. Ill. 2016) (citing *In re Geraci,* 1381 F.3d 314, 318 (7th Cir. 1997)). The Debtor did not receive the level of services bargained for. To compensate him for what he is likely to pay to secure other

representation, the court will disgorge half of the $4,000 in fees paid to date: $2,000.

## IV. Conclusion

The court finds that the attorneys who have appeared herein on behalf of the Debtor, Patrick Semrad, Elizabeth Placek and Louis Raymond K. Gomez have each violated Illinois' Rules of Professional Conduct 1.3 and 1.4.[1] Attorneys Patrick Semrad, Elizabeth Placek and Louis Raymond K. Gomez are ordered to pay Debtor Dennis Molnar $2,000. The attorneys are jointly and severally liable to pay the Debtor $2,000. The attorneys are ordered to pay the funds to Debtor Dennis Molar on or before February 11, 2024.

The court has entered a separate order reflecting this ruling.

**Date:** February 13, 2024

**ENTERED:**

J.Cox  Jacqueline P. Cox

**Honorable Jacqueline P. Cox**
**Chief United States Bankruptcy Judge**
**Northern District of Illinois**

---

[1] *See* Northern District of Illinois Local Rule 83.50 (made applicable to these proceedings by Local Bankruptcy Rule 9029-4A) for a discussion of the applicable rules of professional conduct.

-5-